THE MOLINE PLOW COMPANY v. UPDYKE & STONE.

1. ATTACHMENT—*Dissolution—Review.* Where an affidavit made to obtain an attachment is indefinite in alleging the nature of plaintiff's claim, and a motion is made to discharge the attachment because the grounds laid for the same are untrue, and no mention is made in the motion of the defect of indefiniteness in the affidavit, such defect cannot be raised for the first time in the supreme court, nor can it be considered in a review of the order of the district judge made upon such motion.

2. EVIDENCE *Sustains Finding.* The evidence in the case examined, and *held* to be sufficient to sustain a finding made by the district judge that the grounds alleged in the affidavit for attachment are untrue.

*Error from Clark District Court.*

THE opinion states the case.

*E. Sample,* and *Hurd & Dunlap,* for plaintiff in error.

*W. B. Williams & Son,* and *W. C. Webb,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Moline Plow Company brought this action against Updyke & Stone to recover $884.82. In its petition it set forth a promissory note, executed by defendants July 4, 1888, for $475.56, and asked judgment thereon; and for a second cause of action it alleged, that during the year 1888 it shipped and delivered to the defendants a large amount of agricultural implements, the ownership of which was to remain in the plaintiff until payment in cash was made by the defendants; and that defendants, after getting possession of the implements, sold the same, and utterly failed to account for the proceeds. Although it is alleged that a schedule of the implements furnished is attached as an exhibit to the petition, no exhibit is attached, but plaintiff asked judgment on that cause of action for $409.26. At the commencement of the action, plaintiff filed an affidavit to obtain an order of attachment, in which it is alleged that the action is brought for the recovery of $884.82, against the defendants, "for the value of agricultural implements belonging to the plaintiff and disposed of by the defendant and unaccounted for, and for amount due on a promissory note executed by Updyke & Stone July 4, 1888." It further charges, that the "defendant" has transferred, and is about to transfer, "his" property with the intent to defraud, hinder and delay "his" creditors, and that the debt for which the action was brought had been fraudulently contracted. Upon

this affidavit an order of attachment was issued, and levied upon the property of the defendants. They denied the truth of the allegations in plaintiff's affidavit, and moved to discharge the order of attachment. A hearing was had upon the merits of the motion before the judge of the district court, who sustained the motion and discharged the attachment. The plaintiff complains of this order.

Defendants urge that the order was properly made because of the insufficiency of the affidavit, and also because of the insufficiency of the evidence to sustain the allegations in the affidavit. The averments of the affidavit respecting the nature of the plaintiff's claim are vague and defective, and the same may be said respecting the second cause of action in the plaintiff's petition. The affidavit states that there is an indebtedness of $884.82 for the value of agricultural implements and for the amount of a promissory note, without stating what was the value of the implements or the amount of the note. Turning to the petition, however, we can learn the amount of the note and infer that the balance of the claim was for the value of the agricultural implements. There is nothing in the petition, however, to show what the implements were, the price for which they were sold, nor all of the terms of sale. We think, however, that it cannot be held here that the defects in the affidavit are sufficient upon which to predicate the discharge of the attachment. The defective character of the affidavit was not inserted as one of the grounds to vacate the attachment, and it appears not to have been considered by the judge of the district court at the hearing. An affidavit for attachment may be amended for indefiniteness, and if objection was made to the affidavit on that ground the plaintiff would have been permitted to amend, and hence it would be unjust to the plaintiff to permit the defendants to raise the question for the first time in this court. On the merits of the motion, however, the holding must be in favor of the defendants.

This case was heard upon the same testimony as *Machine Co. v. Updyke,* just decided. There is testimony to sustain the

finding of the judge, and, following the decision in that case, there must be an affirmance of the judgment of the district judge in this case.

All the Justices concurring.